T.C. Memo. 2006-23

UNITED STATES TAX COURT

168 GARMENT, INC., ET AL.,[1] Petitioners <u>v</u>. COMMISSIONER OF
INTERNAL REVENUE, Respondent

Docket Nos. 9243-04, 17152-04,    Filed February 14, 2006.
           17153-04.

Lang Thi Ngo, pro se.

<u>Michael W. Berwind</u>, for respondent.


MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  The issues for decision are whether 168

Garment, Inc. (168 Garment), and Lang Thi Ngo (Ms. Ngo) failed to

---

[1]  Cases of the following petitioners are consolidated
herewith:  Lang Thi Ngo, docket No. 17152-04; and 168 Garment,
Inc., docket No. 17153-04.

report income and are liable for the section 6663[2] fraud or the section 6662 accuracy-related penalty.

Background

In 1997, pursuant to California law, Ms. Ngo incorporated 168 Garment, which performed sewing services for various garment manufacturers. Ms. Ngo was the company's sole shareholder, and Tho Cong Huynh (Mr. Huynh), her son, was the office assistant.

In 2000 and 2001, 168 Garment maintained a business checking account at Citizens Business Bank (Citizens account). Ms. Ngo and Mr. Huynh were the only individuals with signature authority over the Citizens account. During 2000 and 2001, respectively, petitioners deposited $511,376, and $417,761 into the Citizens account, and 168 Garment reported these amounts on its Federal income tax returns related to those years. During this period, Ms. Ngo and Mr. Huynh visited Matt's Liquor at least 60 times to cash checks payable to 168 Garment (i.e., totaling $120,610 in 2000 and $219,394 in 2001). The proceeds from these checks were not reported on Ms. Ngo's or 168 Garment's Federal income tax returns. In 2001, Ms. Ngo endorsed 45 of the 60 checks (i.e., totaling $173,022) cashed at Matt's Liquor, and Mr. Huynh endorsed the remaining 15 checks (i.e., totaling $46,372).

---

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Revenue Agent Vivek Gupta (Agent Gupta) was in charge of the Internal Revenue Service (IRS) audit of 168 Garment's and Ms. Ngo's tax returns. Agent Gupta repeatedly attempted to contact Ms. Ngo, but she did not respond. Agent Gupta was subsequently contacted, however, by petitioners' tax attorney, Bob Appert, who provided Agent Gupta with bank statements, canceled checks, and a disbursement journal relating to 168 Garment. Upon review of this information, Agent Gupta concluded that 168 Garment's records did not account for the checks cashed at Matt's Liquor and petitioners failed to report as income the proceeds of these checks.

On March 5, 2004, respondent issued 168 Garment a notice of deficiency relating to its 2000 taxes. In the notice, respondent determined that 168 Garment failed to report income, failed to substantiate various expenses, and was liable for the section 6662 accuracy-related penalty. On June 4, 2004, 168 Garment filed its petition, and on July 13, 2004, respondent filed his answer.

On June 14, 2004, respondent issued 168 Garment a notice of deficiency determining that 168 Garment understated its 2001 gross receipts and was liable for the section 6663 fraud penalty. Respondent also issued Ms. Ngo a notice of deficiency determining that in 2001 she failed to report constructive dividends and was liable for the section 6663 fraud penalty. Respondent further

determined that if no portion of the underpayment of each petitioner's tax for 2001 was due to fraud, petitioners were each, pursuant to section 6662, liable for an accuracy-related penalty.

On September 15, 2004, Ms. Ngo, while residing in Temple City, California, and 168 Garment, whose principal place of business was in South El Monte, California, filed their respective petitions. On March 10, 2005, respondent filed separate answers with respect to Ms. Ngo's and 168 Garment's petitions. On August 9, 2005, this Court, pursuant to Rule 91(f), granted respondent's motion to show cause why proposed facts should not be accepted as established and made that order absolute after petitioners failed to file a response as ordered. On September 8, 2005, the Court granted respondent's motion to consolidate docket Nos. 9243-04, 17152-04, and 17153-04 for purposes of trial, briefing, and opinion.

## Discussion

At calendar call on September 19, 2005, respondent filed three motions to dismiss for lack of prosecution relating to docket Nos. 9243-04, 17152-04, and 17153-04, yet petitioners did not appear at trial or submit a response. Thus, we will grant all three motions. See Rules 53, 123(b). Accordingly, we sustain respondent's determinations that 168 Garment, for 2000 and 2001, understated its income; in 2000 and 2001, failed to

substantiate various expenses; and, in 2000, was liable for the section 6662 accuracy-related penalty.[3]  Similarly, we sustain respondent's determination that Ms. Ngo understated her 2001 income.

At trial and by facts deemed stipulated, pursuant to Rule 91(f), respondent established by clear and convincing evidence that 168 Garment and Ms. Ngo understated their respective 2001 taxes with the intent to commit fraud.  See secs. 6663(a), 7454(a); Petzoldt v. Commissioner, 92 T.C. 661, 699 (1989). Petitioners failed to maintain adequate records, cooperate with respondent, and report a substantial amount of income on their respective tax returns.  See Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986) (stating that the failure to report income, maintain adequate records, and cooperate with the Commissioner are "badges of fraud" from which fraudulent intent may be inferred), affg. T.C. Memo. 1984-601.  In 2001, Ms. Ngo repeatedly and consistently cashed 168 Garment's checks but failed to report the proceeds as income to either 168 Garment or herself.  This scheme was designed to conceal income, mislead

---

[3]  The penalty applies to the portion of 168 Garment's underpayment that is attributable to a substantial understatement of income tax.  Sec. 6662(b)(2).  168 Garment, on its 2000 return, reported a tax due of $1,961, yet 168 Garment owed $66,900 (i.e. a difference of $64,939).  Respondent has met his burden of production pursuant to sec. 7491(c) and established that 168 Garment understated its income tax liability.  Sec. 6662(d)(1)(A)(i) and (ii).

respondent, and prevent the collection of tax.  Akland v. Commissioner, 767 F.2d 618, 621 (9th Cir. 1985), affg. T.C. Memo. 1983-249; DiLeo v. Commissioner, 96 T.C. 858, 875 (1991) (holding that a corporation may be liable for fraud if its officer has the fraudulent intent to evade its taxes), affd. 959 F.2d 16 (2d Cir. 1992).  In addition, Ms. Ngo did not cooperate with respondent (i.e., she did not return phone calls, answer letters, or attend scheduled meetings).  Accordingly, petitioners are each liable for the section 6663 penalty.

To reflect the foregoing,

Appropriate orders of dismissal and decisions will be entered for respondent.